IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE: ) | BANKRUPTCY NO.: 07–22818-RDD |
| ) | |
| BIOMETRICS 2000 CORPORATION, ) | CHAPTER 11 |
|     Debtor. ) | |
| ) | DOCKET NO.: |
| BIOMETRICS 2000 CORPORATION, ) | |
|     Movant, ) | |
| vs. ) | |
| ) | |
| NO RESPONDENTS. ) | |

### **DEBTOR'S MOTION TO RETAIN INVESTMENT BANKING FIRM**

AND NOW COMES, the above-captioned debtor, Biometrics 2000 Corporation (the "Debtor"), and files the following Motion:

1. The Debtor filed a petition for relief under Chapter 11 of the Bankruptcy Code on October 15, 2005 in the Bankruptcy Court for the Western District of Pennsylvania.

2. By Order of the Bankruptcy Court dated August 23, 2007, this case was transferred to this Court.

3. The Debtor is a Debtor-in-Possession and has been throughout the pendency of this case.

4. The primary potentially substantial asset of the bankruptcy estate of the Debtor is the Debtor's status as a publicly held company, which has previously been suspended by the Securities and Exchange Commission (hereinafter referred to as the Debtor's "Public Status"). The Debtor believes and is informed that its Public Status has potential value to privately-held corporations seeking to become publicly traded companies. The Debtor has been marketing its Public Status in order to maximize its value.

5. In order to adequately market and sell the Public Status of the Debtor, and to supply all other necessary investment banking services in relation to any pending merger,

1

the Debtor requires the services of an investment banking firm.

6. The Debtor has selected the investment banking firm of Perrin Holden & Davenport Capital Corp. ("PHD") to supply the necessary investment banking services, and believes PHD to be well-qualified to act in this role.

***PHD's Experience and Qualifications***.

7. PHD is a full-service brokerage and investment banking firm founded in 1995 and located in New York City. PHD is a member of the Financial Industry Regulatory Authority ("FIRA") and the Securities Investor Protection Corporation ("SIPC").

***PHD's Relationship to the Debtor.***

8. PHD previously provided investment banking services to the Debtor's predecessor-in-interest, Village World, Inc. PHD previously raised funds for Village World, Inc. years prior to its merger with Biometrics 2000.

9. Although PHD was listed on the Debtor's bankruptcy schedules as being a creditor in the amount of $25,000, PHD has not filed a proof of claim in this case. PHD has informed the Debtor that it is has no record of being a pre-petition unpaid creditor of the Debtor. The Debtor does not know how this information originated, but was prepared from information provided by counsel to the Debtor's former principal upon his departure from the Debtor. The Debtor has filed amended schedules to delete PHD as a creditor (as well as another firm which asserts that it is not owed money by the Debtor).

10. PHD has learned that it held 20,000 restricted shares of stock in the Debtor as of the bankruptcy filing (such shares could not be sold until the restriction is lifted). This amounts to three one-thousandths of one percent of the outstanding stock of the Debtor. This stock was acquired by PHD as a result of PHD's services to the Debtor's predecessor-in-interest, Village World, Inc. Upon learning it owned this interest, PHD has voided the stock and hereby disclaims any such interest as a prerequisite to PHD's retention.

11. Since the filing of the Debtor's bankruptcy petition, PHD has met with and reviewed numerous potential merger candidates for the Debtor, as well as meeting with the Debtor and such companies. PHD has not been paid for any such services to date, and expects to be paid solely based on the success of any merger arranged by PHD (as is common in the investment banking business).

***Proposed Form of Compensation to PHD***.

12. The Debtor does not currently have, and does not expect to have in the near future, sufficient funds to pay PHD or any investment banking company monies for investment banking services.

13. Instead, the Debtor has proposed, and PHD has agreed, to provide compensation to PHD in the form of stock to be issued as part of a successful merger. The amount of such stock compensation shall be as determined by Order of this Court.

14. Pursuant to 11 U.S.C. Section 327(a), the Debtor seeks this Court's approval to retain PHD as investment banker to the Debtor.

15. PHD does not represent any interest adverse to the Debtor's estate, the Debtor, or to creditors of the Debtor's estate, and is a disinterested persons within the meaning of 11 U.S.C. Section 101. See Verified Statement attached hereto as Exhibit "A."

WHEREFORE, the Debtor respectfully requests this Honorable Court enter an order granting it leave to employ Perrin Holden & Davenport as investment banker to the Debtor.

Respectfully submitted,

/s/ Steven T. Shreve
Steven T. Shreve, Esq.
546 California Avenue
Avalon, Pa 15202
Pa. I.D. No. 59682
(412) 761-6110

Counsel to the Debtor-in-possession