IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE: ) | BANKRUPTCY NO.: 07–22818-RDD |
| ) | |
| BIOMETRICS 2000 CORPORATION, ) | CHAPTER 11 |
|     Debtor. ) | |
| ) | DOCKET NO.: |
| BIOMETRICS 2000 CORPORATION, ) | |
|     Movant, ) | |
| vs. ) | |
| ) | |
| NO RESPONDENTS. ) | |

## VERIFIED STATEMENT PURSUANT TO BANKRUPTCY RULE 2014

I, Nelson Braff, declare under penalty of perjury that:

1. I am the President of Perrin Holden & Davenport, an investment banking firm based in New York City;

2. I have read the foregoing Motion to Retain Investment Banking Firm and assert that the averments set forth therein are true and correct to the best of my knowledge, information, and belief;

3. I further represent that, to the best of my knowledge, neither I nor any partner or employee of Perrin Holden & Davenport have any connection with the Debtor, its creditors, or other parties of interest, or their respective attorneys or accountants except for the following:

    1. PHD represented a predecessor-in-interest of the Debtor, Village World, Inc., by raising funds for Village World, Inc. years prior to its merger with the Debtor. A principal of Village World, Inc., Eli Levi, is a major creditor of the Debtor;

    2. PHD also previously acted as an investment banker in various corporate mergers in which Stephen Czarnik, Esq., an attorney formerly representing the Debtor who is a creditor of the Debtor. Mr. Czarnik is owed monies by the Debtor by virtue of his previous services rendered to the Debtor. These corporate mergers did not involve the Debtor;

    3. PHD has also previously acted as an investment banker in one bankruptcy case in which Steven Shreve, Esq. (the bankruptcy attorney for this Debtor) represented the debtor;

    4. PHD was originally listed by the Debtor as being a creditor in the amount of $25,000. PHD has reviewed its accounting records and is convinced that PHD was not owed

the $25,000 by the Debtor, nor any other amount. PHD notified the Debtor that it is not a creditor of the Debtor's, and the Debtor has amended its schedules at PHD's request to delete PHD as a creditor (the Debtor could not verify that amounts were owed to PHD–the bankruptcy schedules were largely prepared based on information from prior management of the Debtor). PHD believes that the listing of PHD as a creditor by the Debtor may have been based on an investment banking proposal made to the Debtor prior to the bankruptcy filing that was never consummated. Accordingly, PHD is convinced that it was not owed any monies by the Debtor and should not have been listed as a creditor;

5. PHD has learned that it was the holder of restricted shares of common stock in the Debtor at the time the Debtor's bankruptcy was filed. The amount of stock held by PHD was 20,000 shares, or approx.. three one-thousandths of one percent of the Debtor's outstanding stock. This stock interest derived from PHD's services to the Debtor's predecessor-in-interest, Village World, Inc. Upon learning that it was a shareholder in the Debtor, PHD has voided such shares and hereby disclaims any such shareholder interest;

6. PHD has performed services for the Debtor since the filing of the bankruptcy petition, including meeting with and reviewing numerous potential merger candidates for the Debtor, and meeting with the Debtor and such candidates to discuss potential merger(s). PHD has not received any payment for such services, and expects to be paid in the future for such services only based on the success of any merger arranged by PHD.

Dated: February 16, 2010 /s/ Nelson Braff
Nelson Braff, President

EXHIBIT A